GARFUNKEL WILD, P.C.
Lauren M. Levine (039562002)
Michael J. Keane, Jr., Esq. (905792012)
411 Hackensack Avenue
Hackensack, New Jersey 07601
(201) 883-1030
*Attorneys for Plaintiffs Thomas Komorowski, M.D., Mrs. Kristine Komorowski, and Ocean Heart Group Limited Liability Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| THOMAS KOMOROWSKI, M.D.; MRS. KRISTINE KOMOROWSKI; AND OCEAN HEART GROUP LIMITED LIABILITY COMPANY, | : : : : : : | |
| Plaintiffs, | : : | Docket No. 20-cv-10440-MAS-DEA |
| vs. | : : | |
| CASTRO & CO., LLC and JOHN ANTHONY CASTRO, | : : : | |
| Defendants. | : : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE JUNE 23, 2021 ORDER
DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
COMPLAINT PURUSUANT TO RULE 12(B)(3) AND 28 U.S.C. § 1406(A),
OR ALTERNATIVELY PURSUANT TO RULE 12(B)(6)**

---

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiffs*
411 Hackensack Avenue, Suite 1006
Hackensack, New Jersey 07601
(201) 883-1031

*Of Counsel:*
Lauren M. Levine, Esq.
Michael J. Keane, Jr., Esq.

6581018v.3

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................1

RELEVANT FACTUAL AND PROCEDURAL HISTORY .........................................2

    A.    The Parties ...............................................................................................2

    B.    Allegations Contained in the Original Complaint ....................................2

    C.    Defendants Move to Dismiss Based on Improper Venue ...........................4

    D.    Due to Mr. Castro's Improper Bot Campaign Aimed at Plaintiffs, Plaintiffs Opposed the Venue Motion and Moved to Amend the Complaint ...........................................5

    E.    The Court Denied Defendants' Motion to Dismiss Based on Venue and Granted Plaintiffs' Motion to Amend ..........................................................5

    F.    Defendants' Motion for Reconsideration ..................................................6

LEGAL STANDARD ........................................................................................................7

ARGUMENT ......................................................................................................................8

    POINT I

    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY ............8

    POINT II

    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE DEFENDANTS ATTEMPT TO RAISE NEW ARGUMENTS THAT COULD HAVE BEEN RAISED REVIOUSLY.....9

    POINT III

    DEFENDANTS' MOTION SHOULD BE DENIED AS DEFENDANTS HAVE SUFFICIENT MINIMUM CONTACTS WITH NEW JERSEY ...........................................12

    POINT IV

    DEFENDANTS FAILED TO FILE A NEW MOTION TO DISMISS WITHIN 21 DAYS OF THE AMENDED COMPLAINT BECOMING THE OPERATIVE PLEADING. ................14

CONCLUSION.................................................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Adams USA, Inc. v. Reda Sports, Inc.</u>,
   220 F. App'x 139 (3d Cir. 2007) ............................................................8

<u>Bapu Corp. v. Choice Hotels Int'l, Inc.</u>,
   2010 WL 5418972 (D.N.J. Dec. 23, 2010) .................................................9

<u>*Bermingham v. Sony Corp. of Am., Inc.*</u>,
   820 F. Supp. 834 (D.N.J. 1992), <u>*aff'd,*</u> 37 F.3d 1485 (3d Cir. 1994) .........................7

<u>Campbell v. New Jersey</u>,
   2017 WL 5593778 (D.N.J. November 21, 2017) ...........................................9

<u>*Database Am., Inc. v. Bellsouth Adver. &Publ'g Corp.*</u>,
   825 F. Supp. 1216 (D.N.J. 1993) ...........................................................7

<u>Gaines v. Busnardo</u>,
   2015 WL 5771233 (D.N.J. September 30, 2015) .........................................10

<u>*Gilgallon v. County of Hudson*</u>,
   No. 02-CV-5948 DMC, 2006 WL 477042 (D.N.J. Feb. 28, 2006) ..........................7

<u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>,
   466 U.S. 408 (1984) .......................................................................12

<u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>,
   456 U.S. 694 (1982) .......................................................................11

<u>Int'l Shoe Co. v. Washington</u>,
   326 U.S. 310 (1945) .......................................................................13

<u>JJ Bada Operating Corp. v. Dokdoya, Inc.</u>,
   2022 WL 2341582 (D.N.J. June 29, 2022) ................................................10

<u>Link v. Wabash Railroad Co.</u>,
   370 U.S. 626 (1962) .......................................................................11

<u>*In re Lord Abbett Mut. Funds Fee Litig.*</u>,
   417 F. Supp. 2d 624, Fed. Sec. L. Rep. ¶ 93,675 (D.N.J. 2005) ...........................7

<u>Marten v. Godwin</u>,
   499 F.3d 290 (3d Cir. 2007) ............................................................12, 13

ii

Martinez v. Robinson,
  2019 WL 4918115 (D.N.J. October 4, 2019) ........................................................10

Miller Yacht Sales, Inc. v. Smith,
  384 F.3d 93 (3d Cir. 2004)..................................................................................12

Mitchell v. Twp. Of Willingboro Municipality Gov't,
  913 F. Supp 2d 62 (D.N.J. 2012) ..........................................................................8

Moore v. Secretary United States Department of Homeland Security,
  717 Fed.Appx. 179 (3d Cir. 2017)......................................................................11

O'Connor v. Sandy Lane Hotel Co., Ltd.,
  496 F.3d 312 (3d Cir. 2007)................................................................................12

Red Roof Franchising LLC, Inc. v. AA Hospitality Northshore, LLC,
  937 F.Supp.2d 537 (D.N.J. 2013) ......................................................................8, 9

Sch. Specialty, Inc. v. Ferrentino,
  2015 WL 4602995 (D.N.J. July 30, 2015)............................................................7

Testa v. Hoban,
  2018 WL 1091290 (D.N.J. February 28, 2018) .....................................................8

Wyrough & Loser, Inc. v. Pelmor Labs., Inc.,
  376 F.2d 543 (3d Cir. 1967)................................................................................11

*Yurecko v. Port Auth. Trans-Hudson Corp.,*
  279 F. Supp. 2d 606 (D.N.J. 2003) .......................................................................7

**Statutes**

28 U.S.C. § 1406................................................................................................4

Fed. R. Civ. P. 12 ....................................................................................... *passim*

Local Civil Rule 7.1 ...........................................................................................7, 8

Plaintiffs Thomas Komorowski, M.D., Kristine Komorowski, and Ocean Heart Group Limited Liability Company (collectively "Plaintiffs") submit this Brief in Opposition to defendants Castro & Co, LLC's and John Anthony Castro's (collectively "Defendants") Motion for Reconsideration of the June 23, 2021 Order denying Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(3) and 25 U.S.C. § 1406(A), or Alternatively Pursuant to Rule 12(b)(6), dated August 12, 2022.

## PRELIMINARY STATEMENT

Defendants untimely motion has not identified a single dispositive fact or controlling authority overlooked or misapprehended by the Court, as is required to merit reconsideration under Local Rule 7.1(i). Instead, Defendants' Motion for Reconsideration is an inappropriate attempt to re-argue the Motion to Dismiss through different legal theories and strategies. Specifically, the crux of Defendants' Motion for Reconsideration is an attempt to raise three new arguments: (1) the U.S. District Court for the District of New Jersey cannot exercise personal jurisdiction over Defendants; (2) Defendants did not waive personal jurisdiction defenses as Defendants' now-terminated counsel was ineffective; and (3) the Amended Complaint allows Defendants to file a new Motion to Dismiss. The forgoing arguments do not hold up to even minimal scrutiny and none warrants reconsideration under the well-settled law of this district.

Defendants' newly raised arguments rely upon gross misstatements of fact and little to no applicable law. Defendants argue they do not have sufficient minimum contacts with New Jersey to establish personal jurisdiction and dismissal is warranted on this basis alone. To support this assertion, Defendants erroneously claim Plaintiffs failed to allege any events that took place in New Jersey. However, Defendants conducted business with a New Jersey resident and created a bot campaign to effect Plaintiffs in New Jersey.  Moreover, Defendants concede they did not raise

1

a personal jurisdiction defense and argue they did not waive any personal jurisdiction defense by blaming "now-terminated ineffective counsel."

Therefore, as explained in detail below, Defendants cannot carry the heavy burden Motions for Reconsideration require, and the Court should deny Defendants' motion in its entirety.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.    The Parties

Plaintiffs Thomas Komorowski, M.D. and Kristine Komorowski reside in Brick, New Jersey. See Amended Complaint (Doc. No. 23), ¶¶ 8-9. Plaintiff Ocean Heart Limited Liability Company is a New Jersey limited liability company providing cardiology and other medical services at several locations in New Jersey and New York. See Amended Complaint, ¶ 10. Ocean Heart's principal place of business is located in Toms River, New Jersey. See Amended Complaint, ¶ 10.

Defendant Castro & Co., LLC ("Castro & Co.") is a Wyoming limited liability company that advertises as "International Tax Attorneys" and purports to offer, among other things, income tax planning designed to optimize the tax position of its clients. See Amended Complaint, ¶ 11. Castro & Co.'s principal place of business is in Orlando, Florida. See Amended Complaint, ¶ 11. Defendant John Anthony Castro is the managing partner of Castro & Co. See Amended Complaint, ¶ 12. Mr. Castro represents himself as an international tax attorney with a J.D. and an L.L.M. See Amended Complaint, ¶ 12.

### B.    Allegations Contained in the Original Complaint

In January 2019, Dr. Komorowski spoke with Mr. Castro about the possibility of Castro & Co. handling the Komorowskis' 2018 U.S. taxes. See Amended Complaint, ¶ 19. Castro & Co. sent numerous proposals and engagement forms, none of which were signed. See Amended Complaint, ¶¶ 26, 28-29. Ultimately, the Komorowskis never agreed to proceed with Castro & Co.

2

See Amended Complaint, ¶ 32. Despite this, on or about August 22, 2019, Mr. Castro sent Dr. Komorowski an email advising that Castro & Co. moved forward with the Komorowskis' tax filings. See Amended Complaint, ¶ 33.

On or about September 23, 2019, Dr. Komorowski's accountant received an IRS notice regarding the filing of the 2018 tax return. See Amended Complaint, ¶ 36. Dr. Komorowski's accountant spoke with an IRS representative and confirmed a 2018 tax return was filed, the third-party designation on the return was Castro & Co., and Mr. Castro signed the return. See Amended Complaint, ¶ 36. Further, the IRS refunded an overpayment of $202,423.34 and interest of $4,632.74, totaling $207,056.08, which was direct deposited into an account owned by Mr. Castro. See Amended Complaint, ¶ 36.

On or about September 25, 2019, Mr. Castro wrote another email to Dr. Komorowski stating that Castro & Co. had uploaded the Komorowskis' 2018 state and federal income tax returns to its client portal and requested Dr. Komorowski's bank details stating that he needed to remit to Dr. Komorowski the "net after-fee" income tax refunds. See Amended Complaint, ¶ 38. In response, Dr. Komorowski disputed that Castro had authority file the Komrowski's tax returns. See Amended Complaint, ¶ 40. Mr. Castro responded to Dr. Komorowski with a threatening email stating that Dr. Komorowski had two choices, either proceed with Castro & Co. or engage in litigation in which Castro & Co. would file the Komorowskis' tax return publically. See Amended Complaint, ¶ 44. Specifically, Mr. Castro wrote the following:

> As I mentioned before, I'm a Georgetown Law graduate, currently attending Harvard Business School's Executive Education Program, a published scholar (see here), a published author (see here) and extremely well-versed in both federal and state law.
>
> New Jersey state law is clear on this matter, and we will prevail on the merits if it is contested.

3

*    *    *

> You can commence a civil action against our firm in New Jersey
> state court to invalidate the contract we contend exists.

<u>See</u> Amended Complaint, ¶ 44.

Castro & Co. then ignored the explicit instructions of Dr. Komorowski to return the refund money to the IRS, and instead sent the refund to Dr. Komorowski in two checks, minus Castro & Co.'s purported $90,000 contingency fee. <u>See</u> Amended Complaint, ¶ 45.

On August 13, 2020, the Komorowskis filed a three-count action against Defendants. <u>See generally</u> Complaint. Count One of the Complaint sought declaratory relief that (1) the parties did not execute an enforceable contract and (2) Plaintiffs' 2018 tax returns were filed without their authorization. <u>See</u> Complaint, ¶ 40-41. Count Two of the Complaint asserted a claim for conversion and Count Three of the Complaint asserts a claim under the NJCFA. <u>See</u> Complaint, ¶ 42-54.

## C.    Defendants Move to Dismiss Based on Improper Venue

On December 7, 2020 Defendants moved to dismiss. <u>See</u> Notice of Motion (Doc. No. 6); <u>See generally</u> Defendants' Moving Brief. The Defendants requested that the motion be dismissed for the following reasons: the Court should dismiss Plaintiffs' complaint based on improper venue pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406, as none of the events giving rise to their claims have a substantial nexus to New Jersey;

1.    Alternatively, the Complaint should be dismissed as to the individual defendant for failure to state a claim to pierce the corporate veil pursuant to FRCP 12(b)(6).

2.    Alternatively, the Court should dismiss the third court of Plaintiffs' complaint asserting a violation of the New Jersey Consumer Fraud Act for failure to serve notice on the New Jersey Attorney General

<u>See</u> Notice of Motion (Doc. No. 6); <u>See generally</u> Defendants' Moving Brief.

4

**D.**    **Due to Mr. Castro's Improper Bot Campaign Aimed at Plaintiffs, Plaintiffs Opposed the Venue Motion and Moved to Amend the Complaint**

On November 30, 2020, the Komorowskis opposed Defendants' Motion to Dismiss and Cross-Moved to Amend the Complaint. See generally Plaintiffs' Opposition Brief (Doc. No. 10). The Amended Complaint alleged that, after filing this lawsuit, Defendants began posting "bot-created negative reviews on Ocean Heart's Google business webpage. See Amended Complaint, ¶¶ 6, 49-79. Based upon these new allegations, the Amended Complaint asserted a fourth claim for tortious interference with a prospective business advantage. See Amended Complaint, ¶¶ 95-100. Specifically, Plaintiffs alleged that, prior to the service of the Summons and Complaint, Ocean Heart and Dr. Komorowski received almost universally favorable reviews on Ocean Heart's Google business site. See Amended Complaint, ¶ 49. Suddenly, starting in September 2020, a series of extremely negative reviews regarding Ocean Heart and Dr. Komorowski appeared on the Ocean Heart Google business site. See Amended Complaint, ¶ 50. None of the account names could be identified or linked with any actual or prospective Ocean Heart patients. See Amended Complaint, ¶ 51. The Amended Complaint included examples of the negative posts, made by people with names who were never treated by Ocean Heart or Dr. Komorowski. See Amended Complaint, ¶¶ 6, 49-79.

**E.**    **The Court Denied Defendants' Motion to Dismiss Based on Venue and Granted Plaintiffs' Motion to Amend**

On June 28, 2021, the Court denied Defendants' Motion to Dismiss and granted the Plaintiffs' Cross-Motion to Amend the Complaint. See Order dated June 28, 2021 (Doc. No. 15). As such, the Clerk was directed to file the Proposed Amended Complaint as the Amended Complaint, holding the Amended Complaint will serve as the operative pleading. See Order dated June 28, 2021.

In the accompanying Memorandum Opinion, the Court thoroughly discussed the arguments presented in Defendants' Motion to Dismiss and Reply papers. See Memorandum Opinion, p. 4-9. The Memorandum Opinion notes Defendants primarily argued Plaintiffs' claims should be dismissed for improper venue, in addition to arguing Mr. Castro should be dismissed from this action because Plaintiffs did not allege Mr. Castro can be held liable for Castro & Co.'s corporate actions. See Memorandum Opinion, p. 4.

Addressing Defendants' venue argument, the Court declined to dismiss Plaintiffs' claims for improper venue. See Memorandum Opinion, p. 7-8. However, the Court found it more prudent to reserve consideration of Defendants' improper venue argument until later stages in the proceedings. See Memorandum Opinion, p. 7-8. In brief, the Court held that, if the Komorowskis and Defendants did execute an enforceable contract as Defendants contend, then Plaintiffs' claims would properly be before this Court pursuant to a forum selection clause therein stating "federal and local courts in New Jersey shall have exclusive jurisdiction over each [party] for the purpose of handling any dispute." See Memorandum Opinion, p. 5-8. As such, since the parties contest whether an enforceable contract exists, the Court reserved consideration of Defendants' improper venue argument until a later stage in the proceedings. See Memorandum Opinion, p. 7-8.

Furthermore, the Court declined to dismiss Mr. Castro from the action because of "the additional tortious interference claim asserted against Mr. Castro based on the alleged posting of "bot-generated negative review" on Ocean Heart's Google business site. See Memorandum Opinion, p. 8.

**F.    Defendants' Motion for Reconsideration**

More than a year after the Court denied Defendants' Motion to Dismiss, they moved for reconsideration on August 12, 2022. See generally Motion for Reconsideration. Although the

6

Motion for Reconsideration is unclear, it appears Defendants are abandoning their venue argument and arguing Plaintiffs have not demonstrated the Court can exercise personal jurisdiction over Defendants. See generally Motion for Reconsideration.

## LEGAL STANDARD

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." Sch. Specialty, Inc. v. Ferrentino, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). Pursuant to Local Civil Rule 7.1(i):

> [u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

> Local Civil Rule 7.1(i).

A motion for reconsideration is not an appeal or a substitute for an appeal. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). Relief by a motion for reconsideration is an "extraordinary remedy" to be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F, Supp. 513, 516 (D.N.J. 1996); Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); Gilgallon v. County of Hudson, No. 02-CV-5948 DMC, 2006 WL 477042, *2 (D.N.J. Feb. 28, 2006). It requires proof of specific, identified dispositive facts or controlling authorities and proof that the Court overlooked them; absent that showing, which is not made here, a motion for reconsideration should be denied. E.g., In re Lord Abbett Mut. Funds Fee Litig., 417 F. Supp. 2d 624, Fed. Sec. L. Rep. ¶ 93,675 (D.N.J. 2005); Database Am., Inc. v. Bellsouth Adver. &Publ'g Corp., 825 F. Supp. 1216,

1219 (D.N.J. 1993) (a "motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

## ARGUMENT

### POINT I

### DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY

As an initial matter, Defendants' Motion for Reconsideration utterly fails on procedural grounds as Defendants do not adhere to the requirements set forth by Local Rule 7.1. See Local Civil Rule 7.1(i). "Rule 7.1 states that motions seeking reconsideration must be made within 14 days of entry of the Court's initial order." Red Roof Franchising LLC, Inc. v. AA Hospitality Northshore, LLC, 937 F.Supp.2d 537, 543 (D.N.J. 2013); see also Local Civil Rule 7.1(i). "A motion [for reconsideration] may properly be denied solely on the basis that it is not timely filed." Mitchell v. Twp. Of Willingboro Municipality Gov't, 913 F. Supp 2d 62, 78 (D.N.J. 2012). In fact "[a]n untimely motion for reconsideration is 'void and of no effect.'" Adams USA, Inc. v. Reda Sports, Inc., 220 F. App'x 139, 141 (3d Cir. 2007) (quoting Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000)). Here, the Court entered its Order denying Defendants' Motion to Dismiss on June 28, 2021. Defendants, however, did not file their Motion for Reconsideration until 417 days later on August 12, 2022.  Defendants have also not cited any reason for the delay.

When a party fails to file a motion for reconsideration within 14 days of entry of the Court's initial order, the U.S. District Court for the District of New Jersey has consistently held the motion for reconsideration should be denied on procedural grounds. See Testa v. Hoban, 2018 WL 1091290, at *2 (D.N.J. February 28, 2018) (reconsideration motion denied as untimely when filed 58 days after the decision) Red Roof Franchising LLC, Inc., 937 F.Supp.2d at 543 (reconsideration motion denied as untimely when filed 64 days after the decision).

8

6581018v.3

Here, there is no question that Defendants' Motion for Reconsideration is void and of no effect as it is significantly untimely. Furthermore, Defendants' fail to offer any excuse whatsoever as to why it took over a year to file their Motion for Reconsideration. Accordingly, Defendants' Motion for Reconsideration fails on procedural grounds and should be denied in its entirety.

**POINT II**

**DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE DEFENDANTS ATTEMPT TO RAISE NEW ARGUMENTS THAT COULD HAVE BEEN RAISED PREVIOUSLY**

Even if Defendants' Motion for Reconsideration was timely, it would nonetheless fail on substantive grounds. "A motion for reconsideration is a device to relitigate the original issue decided by the district court, and [is] used to allege legal error." Roof Franchising LLC, Inc., 937 F.Supp.2d at 543 (internal citation and quotation marks omitted). "It is not, however, an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." Id.; see also Bapu Corp. v. Choice Hotels Int'l, Inc., 2010 WL 5418972, at *2, (D.N.J. Dec. 23, 2010). "It is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices, nor rescue parties from their own errors[.]" Bapu Corp, 2010 WL 5418972, at *3; see also Campbell v. New Jersey, 2017 WL 5593778, at *6 (D.N.J. November 21, 2017). As such, the only way prevail on a motion for reconsideration is to demonstrate one of the following: "(1) [a]n intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Roof Franchising LLC, Inc., 937 F.Supp.2d at 543 (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

9

Where a party asserts new arguments in a motion for reconsideration that were previously available, the U.S. District Court for the District of New Jersey has consistently held the motion for reconsideration should be denied as reconsideration is an improper vehicle to raise new arguments. See JJ Bada Operating Corp. v. Dokdoya, Inc., 2022 WL 2341582, at *3 (D.N.J. June 29, 2022); Martinez v. Robinson, 2019 WL 4918115, at *2 (D.N.J. October 4, 2019); Gaines v. Busnardo, 2015 WL 5771233, at *7 (D.N.J. September 30, 2015). For example, in Gaines, defendants filed a motion for reconsideration which asserted a variety of new arguments not previously presented to the court. See Gaines, 2015 WL 5771233, at *7. As such, the court held Defendants attempt to raise new arguments in their motion for reconsideration warrants denial. Id.

Here, Defendants' Motion for Reconsideration fails to demonstrate any of the foregoing requirements. Instead, Defendants' Motion for Reconsideration erroneously argues this Court cannot assert personal jurisdiction over Defendants. Defendants do not make any arguments related to FRCP Rule 12(b)(3) and venue. Notably, Defendants' personal jurisdiction argument is raised for the first time in its Motion for Reconsideration. Throughout Defendants' Motion for Reconsideration, Defendants consistently assert this Court cannot exercise personal jurisdiction over Defendants and dismissal of the Complaint is warranted on that basis alone. Based upon Defendants' motion papers, it is evident Defendants either confuse personal jurisdiction with venue, or erroneously consider them to be one in the same. Nevertheless, it is not the job of the Court to rescue Defendants from their own errors.

Furthermore, to the extent that Defendants argue that "*in personam* jurisdiction can never be unintentionally waived," (Defendants' Brief at p. 5) this is also incorrect. Rule 12(h) clarifies that the defense of lack of personal jurisdiction can be waived if a defendant fails to raise it in a timely fashion. See Fed. R. Civ. P. 12(h). The Supreme Court has held that the right to assert a

personal jurisdiction defense can be affirmatively and implicitly waived through conduct. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). Since there "exists a strong policy to conserve judicial time and resources," the Third Circuit has held "preliminary matters such as ... personal jurisdiction ... should be raised and disposed of before the court considers the merits or quasi-merits of a controversy." Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 547 (3d Cir. 1967).

Similarly, to the extent that Defendants are now blaming ineffective counsel, that argument holds no merit. Initially, Defendants fail to state how their prior counsel was ineffective. Nevertheless, Supreme Court precedent establishes that, where a party voluntarily chooses an attorney to represent them in an action, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962); see also Moore v. Secretary United States Department of Homeland Security, 717 Fed.Appx. 179, 185 (3d Cir. 2017). As such, "if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." Link, 370 U.S. at 633-34. Accordingly, even if Defendants' prior counsel is deemed ineffective for failing to raise a personal jurisdiction defense in Defendants' Motion to Dismiss, Defendants' remedy is a malpractice action against prior counsel, and should not be given a second opportunity to object to personal jurisdiction in violation of  FRCP Rules 12(g)(2) and 12(h). Accordingly, Defendants are in violation of FRCP Rule 12(g)(2) as they failed to raise a personal jurisdiction defense in their Motion to Dismiss, and subsequently challenge the Court's personal jurisdiction for the first time in their Motion for Reconsideration.

## POINT III

## DEFENDANTS' MOTION SHOULD BE DENIED AS DEFENDANTS HAVE SUFFICIENT MINIMUM CONTACTS WITH NEW JERSEY

Even if Defendants' Motion for Reconsideration is procedurally and substantively proper—which it is not—this Court can exercise personal jurisdiction over Defendants because they maintained sufficient minimum contacts with the state of New Jersey. A New Jersey federal court has personal jurisdiction over parties "to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long arm statute provides for jurisdiction that is co-extensive with due process under the United States Constitution. Id. (citing N.J. Ct. R 4:4-4). "The Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

These basic due process principles are reflected in two recognized types of personal jurisdiction: general jurisdiction and specific jurisdiction. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." Id.; see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." Marten, 499 F.3d at 296; see also Helicopteros, 466 U.S. at 414-15. Here, only specific jurisdiction is applicable as Plaintiffs' claims arise from Defendants activities in New Jersey.

"Determining whether specific jurisdiction exists involves a three-part inquiry." Marten, 499 F.3d at 296; see also O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities at the forum." Marten,

12

499 F.3d at 296 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). "Second, the plaintiff's claim must 'arise out of or relate to' at least one of those specific activities." Marten, 499 F.3d at 296 (quoting Helicopteros, 466 U.S. at 414). "Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" Marten, 499 F.3d at 296 (quoting Burger King, 471 U.S. at 476); see also Int'l Shoe Co., 326 U.S. at 320. "[The Third Circuit] generally evaluates specific jurisdiction on a claim-by-claim basis." Marten, 499 F.3d at 296.

Here, this Court can exercise personal jurisdiction over Defendants as they maintained sufficient minimum contacts with New Jersey and Plaintiffs' claims arise from those contacts. Specifically, Defendants directed their activities at New Jersey by (1) contacting Plaintiffs in New Jersey; (2) sending the numerous engagement letter to Plaintiffs in New Jersey, which included choice-of-law provisions stating federal and local courts in New Jersey have exclusive jurisdiction for the purpose of handling any dispute between the parties; (3) filing Plaintiffs state and federal tax returns in New Jersey; (4) making material misrepresentations related to Plaintiffs' state and federal tax returns; and (5) posting false and negative reviews on Ocean Heart's Google business page to tortuously interfere with Ocean Heart and Dr. Komorowski in New Jersey by defaming them to New Jersey patients. As such, since Plaintiffs' claims arise entirely from Defendants' foregoing contacts with New Jersey, this Court can exercise specific personal jurisdiction over Defendants. Therefore, Defendants' Motion for Reconsideration should be denied in its entirety.

## POINT IV

## DEFENDANTS FAILED TO FILE A NEW MOTION TO DISMISS WITHIN 21 DAYS OF THE AMENDED COMPLAINT BECOMING THE OPERATIVE PLEADING.

Defendants' argument that the Amended Complaint resets the ability to file a Motion to Dismiss is moot. Defendants cannot file a new motion to dismiss because more than 21 days have passed since the Amended Complaint became the operative pleading. Pursuant to FRCP 12(b), a motion asserting any defenses to a claim for relief in a pleading must be made before the deadline to file a responsive pleading. See Fed. R. Civ. P. 12(b). Pursuant to FRCP 12(a), a defendant must serve a responsive pleading within 21 days. See Fed. R. Civ. P. 12(a)(1)(A)(i). Here, the Clerk was directed to file Plaintiffs' Proposed Amended Complaint as the Amended Complaint on June 28, 2021. Therefore, since more than 21 days have passed since the Amended Complaint became the operative pleading, Defendants are unable to file a new Motion to Dismiss addressing Plaintiffs' additional claim for tortious interference with a prospective business advantage.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion for reconsideration.

Dated: Hackensack, New Jersey
        September 6, 2022

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiffs Thomas Komorowski and Mrs. Kristine Komorowski*


By:    _/s/ Lauren M. Levine_____
            Lauren M. Levine, Esq.
            Michael J. Keane, Jr., Esq.

14

6581018v.3