UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS KOMOROWSKI, M.D., *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CASTRO & CO., LLC, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 20-10440 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendants Castro & Co., LLC and John Anthony Castro's ("Defendants") Motion for Reconsideration. (ECF No. 28.) Plaintiffs Thomas Komorowski, M.D. and Kristine Komorowski ("Plaintiffs") opposed (ECF No. 30), and Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Defendants' Motion.

**I.　　BACKGROUND**

　　The Court need not recite the facts and instead adopts the background from its June 28, 2021, Memorandum Opinion (the "Memorandum Opinion") denying Defendants' Motion to Dismiss. (ECF No. 14.) Defendants' Motion for Reconsideration asserts three main arguments: (1) that Defendants' Motion to Dismiss contained an *implicit* challenge to personal jurisdiction that was not considered; (2) that this Court improperly reserved the issue of venue until a later stage; and (3) that Plaintiffs' filing of an Amended Complaint "reset[s] the ability to file a Motion to Dismiss." (*See* Defs.' Moving Br. 5-6, ECF No. 28.)

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [or denied] the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court rendered its original decision. *See, e.g., Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

## III. DISCUSSION

The Court addresses each of Defendants' arguments for reconsideration below.

A.  **Challenge to Personal Jurisdiction**

As an initial matter, Defendants primarily contend that their Motion to Dismiss contained an "implicit" challenge to personal jurisdiction that this Court did not consider in its Memorandum Opinion. (*See* Defs.' Moving Br. 5.) However, a close read of Defendants' Motion to Dismiss disposes of this contention.[1] (Defs.' Mot. Dismiss, ECF No. 6.) Defendants accuse this Court of "discriminat[ing] against an out-of-state Defendant" when, in reality, they failed to make this jurisdictional argument—explicitly or implicitly—in their previous motion. (*See generally* Defs.' Mot. Dismiss; Defs.' Moving Br. 6.) A Motion for Reconsideration is not an opportunity to raise brand-new arguments that could have been brought previously and, thus, the Court rejects Defendants' contention of any "implicit" challenge to personal jurisdiction. *See Bowers*, 130 F. Supp. 2d at 612-13.

Further, Defendants make three additional arguments regarding personal jurisdiction: (1) that Plaintiffs failed to allege facts creating a *prima facie* showing of personal jurisdiction; (2) that *in personam* jurisdiction "can never be waived by technical procedural rules that were not adhered to by prior ineffective counsel"; and (3) that failing to dismiss for lack of personal jurisdiction violates Defendants' Due Process Rights. (*See* Defs.' Moving Br. 4-5.) The Court finds Defendants' arguments unpersuasive.

*First*, Defendants argue, for the first time on their Motion for Reconsideration, that Plaintiffs failed to adequately allege personal jurisdiction. The Court's analysis of this argument

---

[1] Defendants' Motion to Dismiss only asserted arguments regarding improper venue and failure to state a claim. (*See generally* Defs.' Mot. Dismiss.) Where personal jurisdiction is mentioned, it is mentioned only to explain that venue *may* lie where a court has personal jurisdiction under 28 U.S.C. § 1391(b)(3). (*See id.* at 6.) However, as Defendants note, "Plaintiff[s] assert[] that venue is proper . . . under 28 U.S.C. § 1391(b)(2)," *not* § 1391(b)(3). (*Id.*) And in Defendants' Motion to Dismiss, they indeed tailor their argument to § 1391(b)(2). (*See generally id.*)

3

mimics that provided above. Defendants failed to raise any challenge to Plaintiffs' showing of personal jurisdiction in their Motion to Dismiss. (*See generally* Defs.' Mot. Dismiss.) This argument does not fall within any of the three factors required for reconsideration and is merely an attempt to litigate an issue they should have raised earlier. *See id.*

*Second*, Defendants' contention that personal jurisdiction cannot be waived by procedural rules is incorrect. *See* Fed. R. Civ. P. 12(h);[2] *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05 (1982) ("[T]he failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection."). Defendants' argument that prior counsel was ineffective for failing to adhere to procedural requirements is also without merit. (Defs.' Moving Br. 4-5.) Indeed, Defendants fail to cite any authority supporting the proposition that ineffective counsel creates grounds for reconsideration. (*See generally id.*) And even if Defendants' prior counsel was ineffective, Defendants' remedy "is against the attorney in a suit for malpractice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962).

*Third*, the Court cannot be said to have violated Defendants' Due Process Rights when the ability to challenge personal jurisdiction has rested with Defendants since the beginning of this action. Defendants were able, under Rule 12, to allege lack of personal jurisdiction as an affirmative defense. *See* Rule 12(b)(2). Failing to do so on their Motion to Dismiss does not grant them the ability to now contend, for the first time, that this Court lacks personal jurisdiction. *See* Rule 12(g)(2); Rule 12(h); *see also Bowers*, 130 F. Supp. 2d at 612-13.

In sum, Defendants' contentions offer no change in the controlling law, no new evidence previously unavailable, and no clear error of law or fact. Thus, Defendants' personal jurisdiction arguments are insufficient to warrant reconsideration. *See Bowers*, 130 F. Supp. 2d at 612-13.

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

4

### B.     Challenge to the Court Reserving on the Issue of Venue

Defendants also argue, citing to authority on personal jurisdiction, that the Court's reservation on the issue of venue was "an abuse of discretion." (Defs.' Moving Br. 3-4.) In its Memorandum Opinion, the Court denied Defendants' arguments as to venue, explaining that it would reserve consideration of the issue for a later stage because the parties dispute the existence of an enforceable forum selection clause. (Mem. Op. 7-8.) Defendants posit no change in the controlling law, no new evidence previously unavailable, and no clear error of law or fact that would be necessary to prevail on reconsideration. (*See generally* Defs.' Moving Br.) Instead, Defendants broadly conclude that the Court "abused its discretion" in reserving on the issue. (*Id.* at 2.) This argument is insufficient for a Motion for Reconsideration, as Defendants merely "ask the [C]ourt to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani*, 744 F. Supp. at 1314.

### C.     Amended Complaint "Resets" Ability to File a Motion to Dismiss

Defendants' final argument is that Plaintiffs' Amended Complaint (filed on June 29, 2021 (ECF No. 23)) "resets" Defendants' ability to file a Motion to Dismiss. (*See* Defs.' Moving Br. 6.) Plaintiffs, however, correctly assert that this point is moot. (Pls.' Opp'n Br. 14, ECF No. 30.) Pursuant to Rule 12(a), Defendants had twenty-one days after being served with the Amended Complaint to file a responsive pleading (*see* Rule 12(a)(1)(A)(i)), and Plaintiffs seem to consent to additional time in their August 3, 2022 status letter to the Court (ECF No. 27). Defendants have yet to file a responsive pleading, choosing instead to file this Motion, and, thus, the deadline for filing a responsive pleading has passed. This argument, furthermore, raises no change in the controlling law, no new evidence, and no clear error or law or fact, and is, therefore, insufficient to grant reconsideration.

## IV. CONCLUSION

For the above reasons, **IT IS THEREFORE**, on this 23rd day of November 2022, **ORDERED** as follows:

1. Defendants' Motion for Reconsideration (ECF No. 28) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

6